STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Audrey CUMMINGS, Respondent.

SCBD No. 3647.

Supreme Court of Oklahoma.

May 14, 1991.

Rehearing Denied July 3, 1991.

ORDER

Upon due consideration of a complaint filed in the above-numbered and entitled cause, which alleges the respondent has engaged in acts which constitute professional misconduct and which merit disci-

pline by this Court, and upon review of the pleadings and the record filed herein, and being fully advised in the premises, the Court finds as follows:

Respondent is an attorney-at-law, duly licensed and admitted to the practice of law in the State of Oklahoma, whose official address is 5500 North Western, No. 103, Oklahoma City, Oklahoma 73118.

Respondent committed acts contrary to prescribed standards of conduct, which acts have been reasonably found to have brought discredit upon the legal profession and which are grounds for disciplinary action. To wit:

In connection with a certain bankruptcy proceeding filed by respondent on behalf of a client, respondent lacked the necessary competence to and did incompetently handle the matter, and did also charge the said client an excessive fee therefor. The acts of respondent in this regard constitute violations of Rule 1.1 and 1.5 of the Rules of Professional Conduct, 5 O.S.Supp.1988, Ch. 1, App. 3–A.

Respondent received as fees, and refused to refund, a net total of six hundred dollars ($600.00) in what was essentially an uncontested divorce case. Considering all factors this fee is unreasonable and a violation of Rule 1.5, *supra.*

After accepting a fee to act on behalf of a client, respondent did not perform the promised services and she refused to return the fee. Respondent did not act with reasonable diligence and promptness in representing her client and so violated the provisions of Rule 1.3 of the aforesaid Rules of Professional Conduct.

The acts of respondent merit the imposition of discipline by this Court.

IT IS THEREFORE ORDERED BY THE COURT that respondent be, and she is hereby, publically censured.

IT IS FURTHER ORDERED BY THE COURT that respondent will refund and return to her clients, Linda Horton, Dwane Shipley and/or Phillip W. Maguffee, and Dennis Grant, the total amount of all sums received by her as fees from each of them in connection with the matters which form the bases for this disciplinary action. The said refunds shall be made, and written proof thereof, shall be provided to Complainant, within ninety (90) days of the date of this Order. Failure to timely make the ordered refunds or to provide proof thereof shall constitute grounds for further disciplinary action.

IT IS FURTHER ORDERED BY THE COURT that respondent shall pay all costs of this action in the total amount of Three thousand, three hundred, twenty-three and 13/100 ($3,323.13). Such payment shall be made within ninety (90) days of the date of this Order, and failure to so pay shall constitute grounds for further disciplinary action.

HODGES, V.C.J., and LAVENDER, SIMMS, DOOLIN and ALMA WILSON, JJ., concur.

OPALA, C.J., concurs in part, dissents in part, with whom HARGRAVE and KAUGER, JJ. join: I would suspend this respondent from the practice of law for not less than three months.

SUMMERS, J., concurs in part, dissents in part.